IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| David A. Shirrell and Stacy Shirrell., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 17-cv-0567-MJR-DGW |
| | ) | |
| Ranjit Singh Billing and 2154720 | ) | |
| Ontario, Inc., an Ontario Corporation, | ) | |
| d/b/a Roadship Freight Systems | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO BAR DEFENDANTS' EXPERT DR. FRANK O. PETKOVICH**

Now come the plaintiffs, David A. Shirrell and Stacy Shirrell, by and through their attorneys, Hassakis & Hassakis, P.C., and for their Motion to Bar Defendants' Expert Frank O. Petkovich pursuant to Rules 37(c)(1) and 26(a) of the Federal Rules of Civil Procedure and Rule 615 of the Federal Rules of Evidence, state as follows:

Applicable Legal Standard for Rule 37(c)(1)

1. Rule 37 provides in pertinent part that if a party fails to identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The determination of whether a late expert witness disclosure should be allowed is entrusted to the district court. David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003). The Seventh Circuit has set forth four factors to guide the district court's analysis: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. Id.

2. As numerous courts have found, deadlines have meaning and consequences. <u>Spears v. City of Indianapolis</u>, 74 F.3d 153, 158 (7th Cir. 1996). (noting the district court's adherence to "sound policy" in stating, "If the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless."); <u>Parker v. Freightliner Corp.</u>, 940 F.2d 1019, 1024 (7th Cir. 1991) (discussing barring the use of expert testimony and stating that "[j]udges must be able to enforce deadlines."); <u>Wilson v. Sundstrand Corp</u>, 2003 WL 259139, at 2 (N.D. Ill. 2003) ("Any purported problem created by the pendency of expert disclosure ... was well known to the defendant; ... Rule 26(b)(2)(C) is crystal-clear about the expert disclosure schedule that applies if the Court does not set its own."); <u>Amari v. C.R. England, Inc.</u>, 2010 WL 2943686, 1t 3 (S.D. Ind. 2010) ("Failing to provide information before a deadline results in disqualification of the use of that information.... Moreover, 'exclusion of non-disclosed evidence is automatic and mandatory ... unless nondisclosure was justified or harmless.' ") (internal citation and citation omitted); <u>Finwall v. City of Chicago</u>, 239 F.R.D. 494, 503 (N.D. Ill. 2006) ("Deadlines such as those envisioned by Rule 26(a)(2)(B) and 37(c)(1) are essential to the maintenance of a smooth and orderly flow of cases") (citations omitted).

3. The Rule 37 sanction is "automatic and mandatory unless the violation was justified or harmless." <u>Currie v. Cundiff</u>, 09-CV-866-MJR, 2012 WL 2120002, at 2 (S.D. Ill. June 11, 2012); See *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir.2003).

Facts Regarding Motion Pursuant to Rule 37(c)(1)

4. On August 23, 2017 the Court entered its scheduling order that, among other things, required disclosure of plaintiffs' experts and defendants' experts under Federal Rule of Civil Procedure 26(a)(2) by October 31, 2017 and November 30, 2017, respectively. (See Doc 13).

5. On October 26, 2017, plaintiffs served their Answers to Defendant Ranjit Singh Billing's First Interrogatories upon defendants' counsel. Within Plaintiffs' Answers to Defendant Ranjit Singh Billing's First Interrogatories, plaintiffs disclosed Dr. Donald Kovalsky as an independent expert witness and Dr. Matthew Gornet as a controlled expert witness and provided information and materials as required by Federal Rule of Civil Procedure 26(a)(2). Further within Plaintiffs' Answers to Defendant Ranjit Singh Billing's First Interrogatories, plaintiffs disclosed to the defendants that they expected Dr. Matthew Gornet to author an additional report concerning Mr. David Shirrell as a result of an examination that was to occur on November 16, 2017, and plaintiffs stated that they would supplement Dr. Gornet's report that he authored as a result of the November 16, 2017 examination.

6. Defendants did not disclose any expert pursuant to Federal Rule of Civil Procedure 26(a)(2) on or before November 30, 2017.

7. On January 2, 2018, plaintiffs received and supplemented Dr. Gornet's report that was authored as a result of his November 16, 2017 examination of Mr. Shirrell.

8. On January 5, 2018 plaintiffs' counsel and defendants' counsel agreed that defendants would have until February 2, 2018, or 31 days after plaintiffs supplemented Dr. Gornet's report, for defendants to disclose a rebuttal expert to the opinions in Dr. Gornet's report that was authored as a result of his November 16, 2017 examination of Mr. Shirrell.

9. On February 5, 2018, the defendants initially identified their expert witness, Dr. Frank O. Petkovich, via email to plaintiffs' counsel. The defendants attached Dr. Petkovich's curriculum vitae and a report dated February 3, 2018 authored by Dr. Petkovich to said email. Attached hereto is a copy of said email and said attachments which has been marked as "Plaintiff's Exhibit 1" and incorporated herein by reference.

10. Other than Dr. Petkovich's curriculum vitae and his report dated February 3, 2018, defendants' have not disclosed any other materials to plaintiffs concerning Dr. Petkovich.

11. On April 23, 2018 the defendants made their pretrial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure.

12. Trial is set to begin in this matter on May 21, 2018, meaning pretrial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure were due no later than April 21, 2018.

Argument Regarding Rule 37(c)(1)

13. Under Rule 26(a)(2)(A). a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A).

14. Rule 26(a)(2)(B) states as follows:

> *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> Fed. R. Civ. P. 26(a)(2)(B).

15. Rule 26(a)(3) of the Federal Rules of Civil Procedure states that parties must make certain pretrial disclosures at least 30 days before trial.

16. The Notes of Advisory Committee on Rules – 1993 Amendment stated that 26(a)(2) imposes "an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."

17. Plaintiffs submit that Dr. Petkovich should be barred from testifying in the instant matter because defendants have not complied with Rule 26(a)(2)(B)(iv), Rule 26(a)(2)(B)(v) or Rule 26(a)(2)(B)(vi). Defendants have not provided plaintiffs with a list of all publications authored by Dr. Petkovich in the previous 10 years. Defendants have not provided plaintiffs with a list of all other cases in which, during the previous 4 years, Dr. Petkovich testified as an expert at trial or by deposition. Defendants have not provided plaintiffs with a statement of the compensation to be paid to Dr. Petkovich for his testimony in this case. Defendants failure to provide information under Rule 26(a)(2)(B)(iv-vi) has prejudiced plaintiffs because it has adversely affected plaintiffs' ability to prepare for effective cross examination of Dr. Petkovich. Plaintiffs have been further prejudiced by defendants' failure to disclose because information under Rule 26(a)(2)(B)(iv-vi) is solely within the possession of Dr. Petkovich, meaning plaintiff had no ability to cure the prejudice caused by the lack of disclosure.

18. Plaintiffs also contend that Dr. Petkovich should have been disclosed pursuant to Rule 26(a)(2)(B) before November 30, 2017 as Dr. Petkovich's opinions in his February 3, 2018 report go beyond attempting to rebut the opinions of Dr. Gornet that were formed based on Dr. Gornet's November 16, 2017 examination. Dr. Gornet's November 16, 2017 report merely added that he believed Mr. Shirrell would require future care and the cost of such future care.

19. Dr. Petkovich's report attempts to rebut the opinions of Dr. Kovalsky and Dr. Gornet that plaintiffs disclosed on October 26, 2017. For example, Dr. Petkovich opines that degenerative changes in Mr. Shirrell's low back do not have "anything to do with the above incident of August 17, 2015." Such an opinion could have been formed well before disclosure of Dr. Gornet's November 16, 2017 report. It is plaintiffs' contention that defendants simply disregarded the November 30, 2017 deadline which cannot go unchecked in light of Rule 37(c)(1)'s automatic and mandatory function.

20. Plaintiffs also wish to highlight that defendants have not abided by any deadline set for their expert disclosure. Defendants failed to disclose Dr. Petkovich by the court ordered deadline of November 30, 2017, its self-imposed deadline of February 2, 2018, and the Rule 26(a)(3) deadline for pretrial disclosures. These violations of Court Order, a self-imposed deadline, and a default deadline establish by the Federal Rules of Civil Procedure have prejudiced plaintiffs in this litigation and thus, should require that Dr. Petkovich's testimony be barred. As is well recognized by this Court, failing to meet deadlines has consequences and the appropriate consequence here is barring Dr. Petkovich from testifying at trial.

21. In summary, plaintiffs ask the Court to bar Dr. Petkovich from testifying under Rule 37(c)(1) because 1) disclosures have not been made pursuant to Rule 26(a)(2)(B)(iv-vi), 2) all disclosures concerning Dr. Petkovich have been made after all deadlines established for the same, and 3) some of Dr. Petkovich's opinions could have been formed before the November 30, 2017 deadline and yet were not disclosed until February 5, 2018, and all of the foregoing has prejudiced plaintiffs in this litigation.

Argument Regarding Rule 615 of the Federal Rules of Evidence

22. Rule 615 of the Federal Rules of Evidence states as follows:

At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

(a) a party who is a natural person;

(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

(c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or

(d) a person authorized by statute to be present.

23. The Seventh Circuit has noted that it is within the discretion of a district court to allow a witness to testify despite that witness' knowledge of other testimony. Hill v. Porter Memorial Hosp., 90 F.3d 220, 222–24 (7th Cir.1996); *see also* United States v. Crabtree, 979 F.2d 1261, 1270 (7th Cir.1992) (if a witness has violated an exclusion order, it is within the district court's discretion to allow the witness to testify). The question is whether the excluded witness has tailored his or her testimony to the testimony of another witness. If the answer is yes, Rule 615 is violated, and the testimony of the excluded witness should not come in. *Id.* at 223. If there is no evidence of such tailoring, then it is within the trial court's discretion to allow the testimony because there is no "evidence of prejudice, collusion or willful violation." *See* United States v. Gammon, 961 F.2d 103, 105 (7th Cir.1992). Saad v. Shimano Am. Corp., 98 C 1204, 2000 WL 1036253, at 18 (N.D. Ill. July 24, 2000).

24. Dr. Petkovich indicates in his report that he reviewed the entire deposition transcripts of Dr. Kovalsky and Mr. Shirrell and the reports of Dr. Gornet. Although Dr. Petkovich has not testified to date, his report suggests that his testimony will based on, in part, the opinions of Dr. Gornet and Dr. Kovlasky concerning the likelihood of future care, the cost of future care and the causal relationship between "degenerative changes" in Mr. Shirrell's lumbar spine and his

current pain complaints. It is clear that Dr. Petkovich has specifically tailored his opinions based on the opinions of Dr. Kovalsky and Dr. Gornet, which is expressly prohibited per Rule 615 as held in Saad.

25. This violation of Rule 615 is yet another example of the prejudice cast upon plaintiffs by defendants through their manner of retaining and tailoring Dr. Petkovich. The willful violations of Rule 615 is akin to defendants' willful repeated violation of Court Order, Rules of Civil Procedure, and deadlines that were discussed in the preceding paragraphs.

26. Dr. Petkovich's opinions have been formed based on evidence he should not have been provided per Rule 615. Even if Dr. Petkovich would not mention Dr. Kovalsky's or Dr. Gornet's opinions during his testimony, the plaintiffs would know and hope the Court will recognize that Dr. Petkovich's opinions were formed based on information that he should have been excluded from hearing/learning.

27. As per Saad, Rule 615 has been violated here by defendants, and therefore, Dr. Petkovich's testimony should not come in.

## Summary

28. The plaintiffs request that this Court bar the testimony of Dr. Petkovich under Rule 37(c)(1) due to defendants' numerous violations of multiple subparts of Rule 26(a) of the Federal Rules of Civil Procedure and further foundation for barring said testimony is due to defendants' violation of Rule 615 of the Federal Rules of Evidence, all violations being willful, perhaps strategic and to the prejudice of plaintiffs.

WHEREFORE, plaintiffs, David Shirrell and Stacy Shirrell, respectfully pray and move the Court to enter an appropriate Order barring Dr. Frank O. Petkovich from testifying in the instant matter, and all else that is just and proper.

        HASSAKIS & HASSAKIS, P.C.,
        Attorneys for Plaintiffs, DAVID A. SHIRRELL
        and STACY SHIRRELL,

By: _____
        James M. Ruppert

Attorneys for Plaintiffs:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax: (618) 244-5330
Email: james@hassakislaw.com
ARDC No.: 6313872

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| David A. Shirrell and Stacy Shirrell., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 17-cv-0567-MJR-DGW |
| | ) | |
| Ranjit Singh Billing and 2154720 Ontario, Inc., an Ontario Corporation, d/b/a Roadship Freight Systems | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2018 I electronically filed Plaintiffs' Motion to Bar Defendants' Expert Dr. Frank O. Petkovich with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mr. Michael Weisenbach, counsel for defendants
Mr. Jim Williams, counsel for defendants

                              HASSAKIS & HASSAKIS, P.C.,
                              Attorneys for Plaintiffs, DAVID A. SHIRRELL
                              and STACY SHIRRELL,

By: _____
                                       James M. Ruppert

Attorneys for Plaintiffs:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax: (618) 244-5330
Email: james@hassakislaw.com
ARDC No.: 6313872