IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. SHIRRELL and STACY SHIRRELL,<br><br>    Plaintiffs,<br><br>vs.<br><br>RANJIT SINGH BILLING, and 2154720 ONTARIO, INC., an Ontario Corporation, d/b/a ROADSHIP FREIGHT SYSTEMS,<br><br>    Defendants. | Case No. 17-cv-0567-MJR-DGW |

## ORDER

**REAGAN, Chief Judge:**

On April 30, 2018, Plaintiffs filed their motion in limine (Doc. 25, containing 32 sub-parts). Defendants responded on May 7, 2018, and opposed only a portion of Plaintiffs' motion. (Doc. 31). Having reviewed the positions of the parties, the Court rules as follows, using the numbering in Plaintiffs' motion:

1. Barring reference to proposition that Plaintiffs must prove a specific dollar amount of damages: Motion is **GRANTED by agreement of the parties**.
2. Barring reference to objections or asserted claims of privilege during discovery and pretrial proceedings: Motion is **GRANTED by agreement of the parties**.
3. Barring reference to failure to mitigate damages: Motion is **GRANTED by agreement of the parties**.
4. Barring reference to the effect this case will have on insurance premiums: Motion is **GRANTED by agreement of the parties**.
5. Barring evidence of tax free investments, Plaintiffs' ability to live on accrued interest, and Plaintiffs' ability to invest any award: Motion is **GRANTED by agreement of the parties**.

6. Barring reference to tort reform: Motion is **GRANTED by agreement of the parties**.
7. Barring evidence of free government medical services that might be available to Plaintiffs now or in the future: Motion is **GRANTED by agreement of the parties**.
8. Barring reference to Plaintiff's worker's compensation claim: Motion is **GRANTED by agreement of the parties**.
9. Barring reference to whether damage award might cause a financial hardship on Defendants: Motion is **GRANTED by agreement of the parties**.
10. Barring speculation or argument about the substance of the testimony of any absent or unavailable witness: Motion is **GRANTED by agreement of the parties**.
11. Barring reference to Plaintiffs failure to call any witness equally available to all parties: Motion is **GRANTED by agreement of the parties**.
12. Barring reference by Defendants to any *ex parte* statement or report of any person not present in court to testify and to be cross-examined by Plaintiffs' counsel: Motion is **GRANTED by agreement of the parties**.
13. Barring reference to the filing of motions in limine, rulings on motions in limine, or to Plaintiffs seeking to exclude evidence: Motion is **GRANTED by agreement of the parties**.
14. Barring reference to receipt, or entitlement to receipt, of benefits from a collateral source by Plaintiffs: Motion is **GRANTED by agreement of the parties**.
15. Barring reference to a portion of Plaintiffs' claim containing a subrogation claim owned by an insurance company: Motion is **GRANTED by agreement of the parties**.
16. Barring reference to whether or not recovery in this action is subject to any state or federal taxes: Motion is **GRANTED by agreement of the parties**.
17. Barring reference to whether Defendants will have to personally pay any judgment entered in favor of Plaintiffs: Motion is **GRANTED by agreement of the parties**.
18. Barring reference to any unrelated prior or subsequent claims, suits, or settlements: Motion is **GRANTED by agreement of the parties**.

19. Barring reference to the time or circumstance under which Plaintiffs employed a lawyer or that a motive, purpose, or result of this action will be to compensate Plaintiffs' counsel: Motion is **GRANTED by agreement of the parties**.
20. Barring reference to the effect or results of a claim, lawsuit, or judgment upon insurance rates, premiums, or charges, both generally and as specifically applied to the parties: Motion is **GRANTED by agreement of the parties**.
21. Barring reference to whether Defendants have insurance: Motion is **GRANTED by agreement of the parties**.
22. Barring reference to any pre-existing back problems as the cause of David Shirrell's ongoing back symptoms due to untimely expert disclosure: Motion is **DENIED**.
23. Barring reference to David Shirrell's current back symptoms as the result of any pre-existing condition because there was no timely expert disclosure: Motion is **DENIED**.
24. Barring reference to reports of symptoms in other parts of the body than the back and legs: Motion is **GRANTED by agreement of the parties**.
25. Barring reference to Plaintiffs being over-treated, receiving unnecessary treatment, or being negligent in the way they sought treatment: Motion is **GRANTED by agreement of the parties**.
26. Barring reference to the quality of medical care afforded to David Shirrell: Motion is **GRANTED by agreement of the parties**.
27. Barring argument in closing statement that Plaintiffs have asked for a greater amount of money than they actually expect to be awarded: Motion is **GRANTED by agreement of the parties**.
28. Barring reference to the wealth, poverty, or pecuniary circumstances of the parties: Motion is **GRANTED by agreement of the parties**.
29. Barring reference to prior settlements or settlement negotiations between the parties: Motion is **GRANTED by agreement of the parties**.
30. Motion for exclusion of non-party witnesses, including expert witnesses, from the courtroom prior to testifying and for an order instructing witnesses not to discuss any aspects of the case amongst themselves or with others during the course of trial: Motion is **GRANTED by agreement of the parties**.

31. Barring reference by Dr. Frank O. Petkovich to the testimony or opinions of Plaintiffs, Dr. Donald Kovalsky, Dr. Matthew Gornet, or any other witness pursuant to Rule 615 of the Federal Rules of Evidence: Motion is **DENIED**.
32. Barring reference to testimony given by Dr. Donald Kovalsky on cross-examination concerning the likelihood of David Shirrell requiring future medical care and the cost of such care: Motion is **DENIED**.

Also before the Court are three motions in limine filed by Defendants on April 30, 2018 (Docs. 21, 22, and 23). Plaintiffs responded to two of the three motions on May 7, 2018. Having reviewed the positions of the parties, the Court rules as follows:

- **Doc. 21:** Defendants' motion in limine to preclude cumulative testimony by Plaintiff David Shirrell's family, friends, co-workers, neighbors, or acquaintances to which Plaintiffs responded in opposition (Doc. 33): Motion is **DENIED**.
- **Doc. 22:** Defendants' motion in limine to preclude reference to insurance of Defendants pursuant to Rule 411 of the Federal Rules of Evidence to which Plaintiffs did not respond: Motion is **GRANTED**.
- **Doc. 23:** Defendants' motion in limine to preclude reptile theory trial tactics by Plaintiffs and their counsel to which Plaintiffs responded in opposition (Doc. 34): Motion is **DENIED** as intelligible, unnecessary, speculative, overbroad, and downright bizarre. Rule 401 will govern the admissibility of evidence.

**IT IS SO ORDERED**.

DATED May 11, 2018.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**
