# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. SHIRRELL, and <br> STACY SHIRRELL, <br><br> Plaintiffs, <br><br> vs. <br><br> RANJIT SINGH BILLING, and <br> 2154720 ONTARIO, INC., an Ontario <br> Corporation, d/b/a ROADSHIP <br> FREIGHT SYSTEMS, <br><br> Defendants. | Case No. 17-cv-0567-MJR-DGW |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

This matter is before the Court on Defendants' motion in limine to bar Plaintiffs' surprise witness (Doc. 37) filed on May 9, 2018. Defendants seek to bar the testimony of Ralph Nabors, an associate of David Shirrell's employer at the time of the actions giving rise to this case. On May 9, 2018, Plaintiffs' counsel contacted defense counsel to disclose that they learned of Mr. Nabors identity during a call with another witness, Cassie McDermott. If called to testify, Mr. Nabors likely will testify that he was asked to assist Shirrell when Shirrell's tow truck ran out of fuel. When he passed Shirrell's tow truck while headed northbound on Highway 57, Nabors will testify that he saw the lights on Shirrell's disabled tow truck flashing. When he turned around, the truck driven by Billing and Shirrell's tow truck had already been involved in a collision.

Defendants argue that Mr. Nabors' testimony should be barred by Federal Rule of Civil Procedure 37. Rule 37 provides that a party is not allowed to present a witness

at trial if the witness is not properly identified pursuant to Rule 26 "unless the failure was substantially justified or is harmless." Rule 26(a) requires a party to disclose, without awaiting a discovery request, each individual likely to have discoverable information based on the information reasonably available to the party at the time of the disclosure. Parties must supplement Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P 26(e).

Plaintiffs posit that they timely supplemented their Rule 26 disclosures when they learned of Nabors' identity from McDermott, an anticipated witness for Plaintiffs, on May 9, 2018. If the disclosure is a timely supplement, then the motion to bar Nabors testimony under Rule 37 would fail. Even assuming the disclosure is untimely, however, Nabors' testimony should not be barred if the failure to timely disclose was harmless. The Court is guided by four factors in determining whether a late disclosure is harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, **324 F.3d 851, 857 (7th Cir. 2003)**.

Here, there is no surprise to Defendants, as they had notice that a witness was with David Shirrell at or near the time of the accident based on the deposition of Defendant Billing. (*See* Doc. 42-1, p. 77-82). There is nothing suggest bad faith or willfulness in the late disclosure, as Plaintiffs turned over the information when they discovered it. Nabors will be available for a deposition before trial, providing an

opportunity to cure any surprise or potential for prejudice. As such, there is little likelihood of disruption to the trial. Accordingly, the Court **FINDS** that any late disclosure was harmless and **DENIES** Defendants' motion to bar testimony of Ralph Nabors (Doc. 37).

**IT IS SO ORDERED**.

DATED:  May 14, 2018

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**